1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAYMOND DIXON, ) | 1:04-cv-05510-OWW-TAG HC |
| ) | |
| Petitioner, ) | ORDER FOR RESPONDENT TO FILE |
| ) | ANSWER TO AMENDED PETITION FOR |
| v. ) | WRIT OF HABEAS CORPUS (Doc. 12) |
| ) | |
| ) | |
| TOM CAREY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

20       The instant petition was filed on March 31, 2004.  (Court Doc. 1).  On November 22,

21 2004, the Court issued an order requiring Petitioner to file an amended petition  (Doc. 11); on

22 December 20, 2004, Petitioner complied by filing his amended petition.  (Doc. 12).  On February

23 22, 2005, the Court ordered Petitioner to show cause why the amended petition should not be

24 dismissed for violation of the one-year statute of limitations provided for in 28

25 U.S.C.§ 2244(d)(1).  (Doc. 13).  On March 28, 2005, Petitioner responded by filing a series of

26 documents purporting to establish that the running of the statute of limitations was tolled during

27 the pendency of various state habeas proceedings filed by Petitioner.  (Doc. 14).  The Court has

28 conducted a preliminary review of the amended petition as well as the documents filed by

1

Petitioner in his response to the order to show cause, and it now appears to the Court that,

considering statutory tolling, Petitioner *may* have filed his amended petition within the one-year

statutory period.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16

of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1.    Respondent SHALL FILE a RESPONSE.  A Response can be made by filing one

of the following:

A.    AN ANSWER addressing the merits of the Amended Petition and due

within **NINETY (90)** days of the *date of service* of this order.  Rule 4,

Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d

1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing

an Answer.).

–    Respondent SHALL INCLUDE with the Answer any and all

transcripts or other documents necessary for the resolution of the

issues presented in the Petition. Rule 5 of the Rules Governing

Section 2254 Cases.

–    Any argument by Respondent that Petitioner has *procedurally*

*defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

addresses the merits of the claims asserted. This is to enable the

Court to determine whether Petitioner meets an exception to

procedural default.  See, Paradis v. Arave, 130 F.3d 385, 396 (9th

Cir. 1997) (Procedurally defaulted claims may be reviewed on the

merits to serve the ends of justice);  Jones v. Delo, 56 F.3d 878 (8th

Cir. 1995) (the answer to the question that it is more likely than not

---

[1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."  Rule 11, Rules Governing Section 2254 Cases.

that no reasonable juror fairly considering all the evidence,
including the new evidence, would have found Petitioner guilty
beyond a reasonable doubt necessarily requires a review of the
merits).

–      Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from
the date Respondent's Answer is filed with the Court.

B.      A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of
service* of this order based on the following grounds:[2]

i.      EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss
for Petitioner's failure to exhaust state court remedies SHALL
INCLUDE copies of all the Petitioner's state court filings and
dispositive rulings so as to allow the Court to examine the
limitations issue.  See, Ford v. Hubbard, 305 F.3d 875 (9th Cir.
2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

ii.     STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A
Motion to Dismiss the Petition as filed beyond the one year
limitations period SHALL INCLUDE copies of all Petitioner's
state court filings and dispositive rulings.

iii.    SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A
Motion to Dismiss the Amended Petition on the basis of § 2244(b)
SHALL include a copy of the previously filed federal Petition and
disposition thereof.

///

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

2.   OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3.   Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.   RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  See, Local Rule 83-182(a), 5-135(c).

5.   The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the AMENDED PETITION (Doc. 12), and any exhibits/attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    June 13, 2005**          _____/s/ Theresa A. Goldner_____
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE

4