# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL RAYMOND DIXON, | ) | 1:04-cv-05510-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| v. | ) | AMENDED PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS FOR VIOLATION OF |
| | ) | STATUTE OF LIMITATIONS |
| TOM CAREY, Warden, | ) | (Doc. 12) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on March 31, 2004. (Doc. 1). On November 22, 2004, the Court issued an order requiring Petitioner to file an amended petition. (Doc. 11)  On December 20, 2004, Petitioner complied by filing his amended petition. (Doc. 12). On February 22, 2005, after conducting a preliminary screening of the amended petition, the Court ordered Petitioner to show cause why the amended petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C.§ 2244(d)(1). (Doc. 13). On March 28, 2005, Petitioner responded by filing a series of documents purporting to establish that the running of the statute of limitations was tolled during the pendency of various state habeas proceedings filed by Petitioner. (Doc. 14).

On August 11, 2005, Respondent filed his motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations. (Doc. 16.)  Petitioner did not file a response to Respondent's motion to dismiss.

1

PROCEDURAL HISTORY

Petitioner was convicted in the Fresno County Superior Court of the following: one count of rape (Pen. Code § 261(a)); two counts of penetration with a foreign object by force (Pen. Code § 289(a));[1] two counts of assault with intent to commit rape (Pen. Code §220); three counts of second degree robbery by force and fear (Pen. Code §§ 211, 212.5(c)); one count of second-degree burglary (Pen. Code §§459 and 460); three counts of false imprisonment (Pen. Code §§ 236, 237); two counts of being an ex-felon in possession of a firearm (Pen. Code § 12021.1(a)). (LD 1).[2] The jury also found true a series of sentence enhancements which, together with the underlying substantive crimes, resulted in a indeterminate sentence of 25-years-to-life for the rape and a total determinate term of forty years, four months, on the other counts of conviction. (Id.). Petitioner thereafter commenced his direct appeal in state court, which concluded when the California Supreme Court denied his petition for review on April 14, 1999. (LD 3.)

Subsequently, Petitioner filed eleven post-conviction state habeas petitions, as follows:

1. December 23, 1999 (Fresno Sup. Ct.); denied January 5, 2000 (LD 4-5);
2. February 7, 2000 (Ct. App., 5th Dist. ("5th DCA")); denied June 13, 2000 (LD 6-7);
3. April 10, 2000 (Fresno Sup. Ct.); denied April 19, 2000 (LD 8-9);
4. May 18, 2000 (5th DCA); denied June 12, 2000 (LD 10-11);
5. July 10, 2000 (Cal.Sup.Ct.); denied October 25, 2000 (LD 12-13);
6. August 9, 2000 (Cal.Sup.Ct.); denied October 25, 2000 (LD 14-15);
7. August 15, 2000 (Cal.Sup.Ct.); denied November 29, 2000 (LD 16-17);
8. September 13, 2001 (Cal.Sup.Ct.); denied February 27, 2002 (LD 18-19);
9. April 5, 2002 (Fresno Sup.Ct.); denied April 10, 2002 (LD 20-21);
10. May 7, 2002 (5th DCA); denied May 28, 2003 (LD 22-23);
11. June 11, 2003 (Cal.Sup.Ct.); denied March 3, 2004. (LD 24-25).

///

---

[1] All references are to the California Penal Code.

[2] References to the documents lodged by Respondent on August 11, 2005 (Doc. 18), will be cited as "LD ___."

2

Petitioner filed his original petition in this case on March 31, 2004. (Doc. 1). Respondent's motion to dismiss contends that Petitioner filed his original petition beyond the one-year statute of limitations contained in 28 U.S.C. § 2244 (d)(1), of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, Respondent argues that Petitioner engaged in four separate "rounds" of state habeas proceedings: (1) Round One included the first, second, and fifth petitions, all of which contained the same claims and were filed consecutive to one another; (2) Round Two included the third, fourth, and seventh petitions, each of which contained the same claims and were filed consecutively; and (3) Round Three was the eighth petition, filed directly in the California Supreme Court; and (4) Round Four, which is comprised of the ninth, tenth, and eleventh petitions. (Doc. 16, pp. 6-9.)[3]

According to Respondent's analysis, the different rounds commenced and concluded with the resultant tolling of the one-year period under the AEDPA as follows:

1. Round One: December 20, 1999-October 25, 2000 (341 days)[4];

2. Round Two: April 5, 2000-December 29, 2000 (36 days)[5].

Respondent contends that Petitioner is not entitled to tolling for Rounds Three and Four, for reasons discussed below, and thus, the total statutory tolling period in this case was 377 days. Taking July 13, 2000, as the start of the one-year period under the AEDPA, 377 days would expire on July 25, 2001. (Doc. 16, p. 7.) If Respondent's calculations are correct, the original petition filed on March 31, 2004, was filed well beyond the expiration of the AEDPA's one-year period.

For the reasons set forth below, the Court concludes that the instant petition was filed beyond the one-year statute of limitations period and should, therefore, be dismissed.

---

[3] Respondent contends that the sixth petition, filed directly in the California Supreme Court and raising distinct issues from earlier "rounds," had no effect on the statute of limitations analysis because it occurred during the second round and thus could not have provided Petitioner with any additional statutory tolling. (Doc. 16, p. 7.)

[4] Respondent's calculation includes an additional 30 days pursuant to Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001), which allows for an additional thirty days of tolling from the date of the denial of a post-conviction collateral petition by the California Supreme Court which issued before January 1, 2003. (Doc. 16, p. 6, fn. 4.)

[5] Respondent contends that because Round Two overlapped Round One, it only extended the period of time already tolled by Round One for an additional 36 days. (Doc. 16, p. 7.)

DISCUSSION

From the foregoing, the key issues raised by Respondent's motion to dismiss are as follows: (1) Is Petitioner entitled to statutory tolling for Rounds Three and Four, a determination that must now necessarily include a consideration of the principles set forth in Evans v. Chavis, ___U.S.___, 126 S.Ct. 846 (2006); and (2) If Rounds Three and Four are not entitled to any form of statutory tolling, is Petitioner nevertheless entitled to equitable tolling that would make the petition timely under the AEDPA? For the reasons discussed below, the Court concludes that both questions must be answered in the negative.

A. Procedural Grounds for Motion to Dismiss

On August 11, 2005, Respondent filed a Motion to Dismiss the petition as being filed outside the one year limitation period prescribed by 28 U.S.C. § 2244(d)(1). (Doc. 16.) Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the AEDPA.  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The original petition in this case was filed on March 31, 2004 (Doc. 1), and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the petition for review was denied by the California Supreme Court on April 14, 1999.  Thus, direct review would conclude on July 13, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from July 13, 1999, or until July 13,

5

2000, absent applicable statutory or equitable tolling, within which to file his federal petition for writ of habeas corpus.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[6] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001); Fail v. Hubbard, — F.3d —, 2001 WL 1524503 (9th Cir.2001).

In Saffold v. Newland, 250 F.3d. 1262 (9th Cir. 2001), the Ninth Circuit examined the question as to whether the limitations period tolls during the time a state habeas corpus petition is pending when the state court denies the petition on both procedural grounds and on the merits. Saffold v. Newland, 250 F.3d 1262 (9th Cir. 2001). The Court held that where a state court addresses the petition's merits, tolling under 28 U.S.C. § 2244(d)(2) was appropriate. Id. at

---

[6] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1267.

The United States Supreme Court, however, in Carey v. Saffold, 536 U.S. 214 (2002), vacated the Ninth Circuit's ruling, and, in so doing, took a much more restrictive view of delays between state court habeas filings and a much less sympathetic view of when a state court's denial is on the merits. In Saffold, the Supreme Court, addressing the four and one-half month delay between a state court of appeal denial of a habeas petition and the filing of a petition in the California Supreme Court, rejected the Ninth Circuit's reliance on language in the state supreme court's ruling as a "bellwether" that the state court's denial had addressed the merits, thus implicitly indicating that the was petition timely:

> "Given the variety of reasons why the California Supreme Court may have included the words "on the merits," those words cannot by themselves indicate that the petition was timely. And the Ninth Circuit's apparent willingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts....The Ninth Circuit's rule...threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."

Saffold, 536 U.S. at 226. (Citations omitted.) The Supreme Court also emphasized that only a "timely" appeal tolls the AEDPA's statute of limitations period, and that "unreasonable" delays are not "timely." Saffold, 536 U.S. at 214.

The Supreme Court dropped "other shoe" in Evans v. Chavis, holding that, when the state court denies the habeas petition without any explanation or indication as to timeliness, federal district courts must conduct their own inquiries regarding whether the state habeas petitions were filed within a "reasonable" time. By contrast, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Evans, 126 S.Ct. at 852.

Applying these principles here, the Court concludes that Rounds Three and Four did not toll the running of the statutory period. This Court need not engage in an extended analysis of

7

what constitutes a "reasonable" delay post-Evans, or whether the delays in this case were reasonable under Evans, since, in both Rounds Three and Four, the California Supreme Court denied the petitions on the grounds that they were untimely under People v. Robbins, 18 Cal.4th 770, 780 (1998).[1]  (LD 19; LD 25.)   Thus, because there was a "clear indication" of untimeliness by the state supreme court, this Court need not conduct any further examination into the question: the delays in filing Rounds Three and Four were "unreasonable," as expressly found by the California Supreme Court, and thus the petitions were not "timely" or "properly filed" for purposes of tolling the AEDPA's one-year statute of limitations.  Evans, 126 S.Ct. at 852; Saffold, 536 U.S. at 214.

That being the case, the instant petition is untimely.  As mentioned, the original one-year period commenced to run on July 13, 1999.  At the time Petitioner commenced Round One on December 23, 1999, 163 days had already run on Petitioner's one-year period, thus leaving Petitioner with 202 days remaining.  The period tolled by the pendency of "properly filed" state habeas proceedings (i.e., Rounds One and Two) concluded with the end of Round Two on December 29, 2000.

At that time, the remaining 202-day period commenced to run and was not tolled by Rounds Three and Four because they were not "properly filed," i.e., they were "untimely."  The 202 days expired on July 19, 2001.  The original petition in this case was not filed until March 31, 2004, over two years and eight months *after* the running of the AEDPA's one-year period.  Accordingly, absent equitable tolling, the instant proceedings are untimely under the AEDPA.

///

---

[1] Robbins held, inter alia, that when a state habeas petition was not filed within the ninety-day "presumptively reasonable" time period, petitioner has the burden of establishing either (1) absence of "substantial delay"; (2) good cause for the delay; or (3) that his claims fall within an exception to the untimeliness bar.  Robbins, 18 Cal.4th at 784.

D.  Petitioner Is Not Entitled To Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  In this case, Petitioner did not oppose the motion and, thus, raises no assertion of entitlement to equitable tolling.

Petitioner has alleged, however, in his response to the order to show cause that he is actually innocent of one of the crimes (i.e., the "Radio Shack" crime); that on May 20, 2003, the state court appointed the Northern California Innocence Project to investigate his conviction; that on August 12, 2004 he requested a DNA analysis of the evidence taken in case no. 541377-8; and that subsequently the Northern California Innocence Project withdrew from its court appointment because the DNA evidence taken in that case had been destroyed between December 5, 1997 and February 1998.  (Doc. 14, p. 9.)

Neither the Supreme Court nor the Ninth Circuit has addressed whether there is an actual innocence exception to a violation of section 2244(d)'s limitation period.  The Ninth Circuit has only excused a violation of the limitations period in cases where the petitioner was entitled to equitable tolling.  See, Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1287-89

(9th Cir. 1997).

Even if the Court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence. Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 118 S.Ct. 1604, 1611 (1998), *quoting*, Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S. 298, 329 (1995). Petitioner presents no such evidence.

Although Petitioner contends that "key evidence" was destroyed in his case "that would have exonerate [sic] petitioner of the Radio Shack crime," (Doc. 14, p. 9), Petitioner provides no independent basis, other than his own averment of innocence, for making such a sweeping conclusion. Without more, the Court is left only with Petitioner's unsupported allegation that he is innocent. This is insufficient to adequately raise the issue of equitable tolling.

The fact that Petitioner provides no explanation for the delay in commencing Round One of his collateral proceedings or the delay between Round Two and Rounds Three and Four, leaves the Court with no alternative other than to find that the one-year period had concluded after the end of Round Two. As there exist no circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely and must be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss (Doc. 16), be GRANTED; and,

2. The amended habeas corpus Petition (Doc. 12), be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within five (5) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2006**              **/s/ Theresa A. Goldner**
**j6eb3d**                    UNITED STATES MAGISTRATE JUDGE